09-4015-ag
Zheng v. Holder

BIA
A072 837 771

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand ten.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　RICHARD C. WESLEY,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*

_____

JING WEI ZHENG,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　09-4015-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Fred Sichel, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jing Wei Zheng, a native and citizen of the People's Republic of China, seeks review of an August 28, 2009, order of the BIA denying his motion to reopen. *In re Jing Wei Zheng*, No. A072 837 771 (B.I.A. Aug. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Zheng's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

2

Here, the BIA did not abuse its discretion in denying Zheng's motion to reopen, which was indisputably untimely.

Moreover, as the BIA found, Zheng's legal custody of his U.S.-citizen son was a change in his personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Although Zheng argues that the 2007 State Department Country Report for China indicates that "the Chinese government has been pursuing and persecuting those who openly object the nation-wide birth control policy," the BIA reasonably determined that such evidence demonstrated only a continuation of, not a change in, China's enforcement of the policy. *See* 8 C.F.R. § 1003.2(b)(3)(ii). Moreover, because the BIA found that Zheng failed to overcome the IJ's underlying adverse credibility determination with respect to his claimed fear of persecution based on his opposition to China's birth control policy, even if the 2007 Country Report demonstrated changed country conditions, Zheng would still have failed to demonstrate his *prima facie* eligibility for relief. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005)*; see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Finally, to the extent that Zheng seeks to rely on the 2008

State Department Country Report for China to support his contention, that Report was not submitted to the Board and we therefore do not consider it on review. *See* 8 U.S.C. § 1252(b)(4)(A) (noting that the scope of our review is constrained to "the administrative record on which the [challenged] order of removal is based"). If we were to consider it, we would reject the argument on its merits.

Lastly, this Court lacks jurisdiction to review Zheng's challenge to the BIA's decision not to exercise its authority under 8 C.F.R. § 1003.2(a), to reopen the proceedings *sua sponte*, because such a decision is "entirely discretionary." *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4